United States District Court
Southern District of Texas
**ENTERED**
May 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOCEL ADONIS HECHAVARRIA-VASQUEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-1266 |
| RANDY TATE, et al., | § § | |
| Respondents. | § § | |

## MEMORANDUM OPINION AND ORDER

Yocel Adonis Hechavarria-Vasquez ("Petitioner"), a citizen of Cuba, entered the United States without inspection on September 11, 2019, and was removed on January 31, 2020.[1]  On December 5, 2023, Petitioner entered the United States with inspection and was paroled into the country until April 18, 2025.[2]  On January 7, 2026, Petitioner was issued a Notice to Appear, charging him with removeability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3]  On February 17, 2026, Petitioner was taken into immigration custody by Immigration and

---

[1] Federal Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ"), Docket Entry No. 6, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Id.

[3] Id.

Customs Enforcement under § 1225(b)(2).[4]  Petitioner remains in immigration custody.

Pending before the court is Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition") (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process and is arbitrary and capricious under the Administrative Procedure Act ("APA").[5]  Petitioner also argues that his warrantless arrest violates the Accardi doctrine.[6]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6).  Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[7]  Petitioner has filed a reply.[8]

Petitioner argues that because he was previously released on his own recognizance, his detention without a bond hearing violates procedural due process.[9]  However, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates

---

[4]Id.

[5]Habeas Petition, Docket Entry No. 1, p. 10.

[6]Id.

[7]Respondents' MSJ, Docket Entry No. 6, pp. 1-2.

[8]Petitioner's Response to Respondents' Motion for Summary Judgment and Reply to Response to Petition, Docket Entry No. 7.

[9]Habeas Petition, Docket Entry No. 1, pp. 6-8.

detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process. Moreover, Petitioner's detention without a bond hearing does not violate substantive due process.[10] As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).

Finally, Petitioner cannot seek habeas relief under the Accardi doctrine or the APA. Although Petitioner alleges he was arrested without a warrant in violation of 8 CFR § 287.8(c)(2)(ii),[11] "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026). Moreover, as explained in Jiminez v. Bradford, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), because Petitioner is able to challenge his detention by filing a writ of habeas corpus, he is not entitled to relief under the APA. See 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.") (emphasis added).

---

[10] Id.

[11] Id. at 8-10.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 21st day of May, 2026.

                              _____
                                        SIM LAKE
                         SENIOR UNITED STATES DISTRICT JUDGE